UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VIRENE BROWN | Case No. 20-11466 |
| Plaintiff, | Stephanie Dawkins Davis |
| v. | United States District Judge |
| THE PROFESSIONAL GROUP, *et al.*, | Curtis Ivy, Jr. United States Magistrate Judge |
| Defendants. | |
| _____/ | |

## ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME (ECF No. 12)

Plaintiff Virene Brown, proceeding *pro se*, filed this civil rights suit on May 21, 2020. (ECF No. 1). On August 4, 2020, the Court granted Plaintiff's *in forma pauperis* application. (ECF No. 6). On August 7, 2020, the Court issued an order (August 7, 2020 Order) directing Plaintiff to complete and provide to the Clerk's Office for each respective defendant (i) one copy of the complaint, (ii) two USM 285 forms, and (iii) three summonses. (ECF No. 7). The Court also directed the United States Marshals Service (USMS) to serve a copy of the complaint, summons and the August 7, 2020 Order upon each named defendant. (*Id.*). On September 9, 2020, the USMS acknowledged receipt of the August 7, 2020 Order, USM 285 and Summonses or Waiver of Summons form, and copies of the complaint. (ECF No. 10). On October 16, 2020, this matter was referred to the

undersigned for all pretrial matters. (ECF No. 11).

On December 23, 2020, Defendants filed the pending *ex parte* motion to extend their deadline to file a responsive pleading per Federal Rule of Civil Procedure 6(b). (ECF No. 12). In their motion, Defendants explained that while the docket indicates the Complaint was sent to the USMS for service, to date they had not been personally served with a copy of the document. (*Id.*). Rather, Defendants located a copy of the Complaint in their Detroit office. (*Id.*). As Plaintiff did not effect service, Plaintiff would be unable to provide either a service date or a deadline by which Defendants' responsive pleading must be filed.[1] (*Id.*). Lastly, Defendants stated they were unable to fulfill their obligation to contact opposing counsel to seek concurrence in the relief requested by the motion in accordance with Local Rule 7.1 because Plaintiff is proceeding *pro se*.[2] (*Id.*).

---

[1] It is unclear as to the basis for Defendants' conclusion that the date upon which Defendants' answer, or other responsive pleading, is due is not within Plaintiff's knowledge as (i) based on Paragraph 5 of Defendants' motion Defendants were unable to contact opposing counsel because Plaintiff is *pro se* and (ii) Defendants' briefing contains no reference to any direct communication with Plaintiff regarding this matter.

[2] Local Rule 7.1(a) requires a movant to "ascertain whether the contemplated motion, or request under Federal Rule of Civil Procedure 6(b)(1)(A), will be opposed." In the event concurrence is not obtained, the motion must state one of the following:

    (A) there was a conference between attorneys or **unrepresented parties** and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought,

    (B) despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference; or

Due to the obscure status and unknown nature of the service to date, *to wit* the lack of confirmation that Defendants were personally served and the date on which service was effectuated if completed, the deadline for Defendants to serve their responsive pleading is unknown. Thus, the Court is unable to definitively state that Defendant's deadline has expired and *ergo* will apply the "good cause" standard. *See* Fed. R. Civ. P. (6)(b)(1)(A) (When an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires. . . .").

Based on the fact, that (i) it is unclear if Defendants were in fact personally served, (ii) if Defendants were served, when said service was effectuated, and (iii) Defendants only became aware of the lawsuit by locating the complaint in their Detroit office, Defendants have shown good cause for an extension of time to file a responsive pleading to the complaint no later than January 8, 2021. The motion is

---

(C) concurrence in this motion has not been sought because the movant or nonmovant is an incarcerated prisoner proceeding *pro se*.

(emphasis added). The information contained in Defendants' motion and brief in support fail to show that they sought Plaintiff's concurrence prior to filing the pending motion and merely states Defendants were unable to contact opposing counsel to seek concurrence as Plaintiff is proceeding *pro se*. Plaintiff's status as a *pro se* litigant does not excuse Defendants from their obligation to seek concurrence under Local Rule 7.1 and thus Defendants have not fulfilled this requirement. Going forward, Defendants must seek concurrence from Plaintiff in accordance with Local Rule 7.1 prior to filing a request or a motion with the Court or their motion will be stricken.

hereby **GRANTED**.

Review of this Order is governed by Federal Rule of Civil Procedure 72 and Local Rule 72.1.

Date: December 28, 2020           s/Curtis Ivy, Jr.
                                                   Curtis Ivy, Jr.
                                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 28, 2020, by electronic means and/or ordinary mail.

                                                   s/Kristen MacKay
                                                   Case Manager
                                                   (810) 341-7850