UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VIRENE BROWN,**

    Plaintiff,

v.

**THE PROFESSIONAL GROUP,
MADGALENE FERNANDER, AND
NORRIS MARTIN,**

    Defendant.
_____/

Case No. 20-11466

Stephanie Dawkins Davis
United States District Judge

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 19)

### I.    INTRODUCTION

*Pro Se* Plaintiff, Virene Brown, brings suit against her former employer, The Professional Group ("TPG"), and Defendants Madgalene Fernander and Norris Martin, alleging that they discriminated against her and terminated her employment because of her age. She alleges claims for age discrimination under the Age Discrimination and Employment Act (ADEA), 29 USC § 621 *et seq.*, (Count I), retaliation (Count II), and hostile work environment (Count III). On January 8, 2021, Defendants filed a Motion to Dismiss. (ECF No. 15). The court, in light of the motion, gave Brown the opportunity to amend her Complaint (ECF No. 16); as a result, Brown filed an Amended Complaint alleging the same three

causes of action on February 12, 2021 (ECF No. 17). Because of the Amended Complaint, the court dismissed Defendants' original Motion to Dismiss as moot. (ECF No. 18). TPG then filed a new Motion to Partially Dismiss the Amended Complaint. (ECF No. 19). Brown responded and TPG replied. (ECF Nos. 20, 21). For the reasons that follow, the court **GRANTS** the Motion to Partially Dismiss.

## II.   FACTS

Plaintiff, Virene Brown, began working at TPG in August 2017. (ECF No. 17, PageID.85, ¶ 15). TPG is headquartered in Detroit, Michigan and "provides janitorial and landscaping services for office buildings, shopping malls and entertainment/sports venues." (*Id.* at PageID.84–85, ¶ 10). Brown started in the entertainment sector of TPG where she says she "performed her job well and the Defendant had no problems with her." (*Id.* at PageID.85, ¶ 15). Following a layoff, she was transferred to the corporate sector on August 19, 2019. (*Id.* at ¶ 16). During the events giving rise to her complaint, she was 57 years old and worked as a day porter for TPG, assigned as a maintenance worker at the Little Caesar's corporate office in Detroit, Michigan. (*Id.* at PageID.84, 87 ¶¶ 8–9, 29).

When Brown moved to the corporate sector, Madgalene Fernander became her supervisor. (*Id.* at PageID.85, ¶ 17). According to Brown, "[p]roblems began immediately. (*Id.*) Brown says she was "ridiculed" and "nitpicked regarding her

2

job performance while other younger similarly situated employees were not" and Fernander "unleashed constant barrages of unlawful age discrimination" on her. (*Id.* at PageID.87, ¶¶ 31–32). She alleges that Fernander falsely claimed "that Plaintiff was not keeping up in her work and threaten[ed] the Plaintiff's employment by stating that the company could hire someone much younger to perform her duties." (*Id.* at PageID.86, ¶ 20). She also states that Fernander made disparaging remarks about her age and "indicated that the Plaintiff's 40 year old son was older than many [of] the employees at" TPG. (*Id.* at PageID.87, ¶ 29).

Brown complained to District Management at TPG about Fernander's actions but "virtually nothing satisfactory was done." (*Id.* at PageID.86, ¶ 21). After Brown's complaints, although the "tirades subsided" for a few weeks, "Fernander became even more hostile than she was initially." (*Id.* at ¶ 22). Brown says she ultimately reported Fernander's conduct to Norris Martin, who was the district manager. But Martin "failed to properly investigate the Plaintiff's concerns and supported Ms. Fernander in her discriminatory conduct." (*Id.* at ¶ 26).

On August 29, 2019, Fernander fired Brown. (*Id.* at PageID.87, ¶ 27). Brown suffered from "panic attacks and depression" due to the discrimination, "resulting in forcing the Plaintiff to seek mental and physical health treatment." (*Id.* at ¶ 33).

3

Brown asserts that she was terminated due to her age in violation of the ADEA (Count I). She also avers that she was retaliated against for complaining to supervisors and opposing age discrimination under, it appears, both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the ADEA (Count II). Finally, she also alleges that she was subjected to a hostile work environment in violation of the ADEA based on "Fernander's constant barrage of intimidation about the Plaintiff's age" (Count III).

### III. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted)).

In *Iqbal*, the Supreme Court explained that a civil complaint survives a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted)); *See also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (explaining that the factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief").

IV. **DISCUSSION**

    A. **Individual Defendants**

TPG notes that it is unclear whether the individual Defendants remain parties to the case and that, regardless, the individual Defendants should be dismissed because they cannot be sued in their individual capacities. (ECF No. 19, PageID.109). Brown, in response, clarifies that her Amended Complaint

5

"voluntarily dismisses Magdalene Fernander and Norris Martin." (ECF. No. 20, PageID.149). As a result, the court **GRANTS** the Motion to Partially Dismiss as to the individual Defendants.

### B. Title VII Claims

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). TPG argues that the court should dismiss any claims purportedly brought under Title VII because Brown alleges only age discrimination, which Title VII does not cover. (ECF No. 19, PageID.110). The court agrees.

Brown did not address this argument, and has likely conceded the point as a result. "As a practical matter, 'it is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff fails to address as conceded.'" *Degolia v. Kenton Cnty.*, 381 F. Supp. 3d 740, 759–60 (E.D. Ky. 2019), *reconsideration denied*, No. 2:17-CV-226-WOB-CJS, 2019 WL 12105661 (E.D. Ky. June 18, 2019) (quoting *Rouse v. Caruso*, No. 6-cv-10961-DT, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011)). But even if Brown has not conceded the point, after reviewing her Amended Complaint, the court finds

that she does not allege any plausible Title VII claim. The Amended Complaint states that Brown brings her claims, in part, based on Title VII. (ECF No. 17, PageID.83, ¶ 1). In the count for retaliation, the Amended Complaint also notes that Title VII "forbids an employer from retaliation against an employee because of the employee's opposition to 'any practice made an unlawful practice' by Title VII, or the employee's participation in 'an investigation, proceeding, or hearing under [Title VII],'" that "[e]ach said act of retaliation is in violation of Title VII," and that "[t]he Defendants' conduct as alleged above constitutes retaliation against the Plaintiff because she engaged in activities protected by Title VII and the ADEA." (*Id.* at PageID.89–90, ¶¶ 50, 56–57).

However, "[t]he language of [Title VII] does not include age or disability claims." *Clark v. City of Dublin, Ohio*, 178 F. App'x 522, 524 (6th Cir. 2006). Accordingly, "[c]ourts have explicitly held that Title VII does not cover age or disability discrimination claims." *Id.*; *See also Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 465 n.4 (1982) (noting that age discrimination "is not covered by Title VII"); *Magyar v. United States Postal Serv.*, No. 18-13447, 2019 WL 1989207, at *1 n.4 (E.D. Mich. May 6, 2019) ("Title VII does not cover age discrimination claims."). Here, Brown's only allegations of discrimination involve age—not any protected categories under Title VII. And she may not bring any

7

age-based claims pursuant to Title VII. Therefore, the court **GRANTS** the Motion to Partially Dismiss as to any claims that Brown brings pursuant to Title VII.

### C. Administrative Exhaustion

"[A] plaintiff 'must file a charge with the EEOC before filing a complaint alleging age discrimination in federal court.'" *Spengler v. Worthington Cylinders*, 615 F.3d 481, 489 (6th Cir. 2010) (quoting *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998)); 29 U.S.C. § 626(d)(1) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission."). A plaintiff may then sue "[o]nce the EEOC dismisses the charge and issues a right-to-sue letter." *Hoover v. Timken*, 30 F. App'x 511, 513 (6th Cir. 2002). "The purpose of filing a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC so that the Commission may first attempt to obtain voluntary compliance with the law." *Davis*, 157 F.3d at 463. "These investigatory and conciliatory procedures notify potential defendants of the nature of plaintiffs' claims and provide them the opportunity to settle the claims before the EEOC rather than litigate them." *Id.* "Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of an ADA or ADEA action." *Id.*

The court must also be mindful that "an EEOC charge 'filed by lay complainants' should be 'liberally construed' . . . because they 'are unschooled in the technicalities of the law and proceed without counsel.'" *Tisdale v. Federal Exp. Corp.*, 415 F.3d 516, 527 (6th Cir. 2005) (quoting *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992), then *Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 547 (6th Cir. 1991)). "[C]harges are frequently filed by lay complainants, and the courts recognize that subsequent actions should not be restricted by the failure of a complainant to attach the correct legal conclusion to the EEOC claim, conform to procedural technicalities, or include 'the exact wording which might be required in a judicial pleading.'" *Davis*, 157 F.3d at 463 (quoting *EEOC v. The Bailey Co., Inc.*, 563 F.2d 439, 447 (6th Cir. 1977)). "[W]here the claimant is unrepresented, a 'broader reading of the charge . . . is compelled.'" *Tisdale*, 415 F.3d at 527 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 832 (6th Cir. 1999)). "In such cases, we have stated that '[t]he judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination.'" *Id.* (quoting *Ang*, 932 F.2d at 545). Under this "expected scope of investigation test," "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Id.*; *See also Spengler*, 615 F.3d at 490 ("This is known as the 'expected scope of investigation test' and requires a

plaintiff to have alleged sufficient facts in his or her EEOC complaint to put the EEOC on notice of the other claim even though the plaintiff failed to check the appropriate box on the EEOC's complaint form."). "This expanded rule does not mean, however, that plaintiffs are excused from filing charges on a particular discrimination claim before suing in federal court." *Davis*, 157 F.3d at 463.

TPG argues that the court should dismiss Brown's claims for ADEA retaliation and hostile work environment because she failed to exhaust her administrative remedies with the EEOC. The court addresses each claim in turn.

    **1.**    Retaliation (Count II)

The ADEA "prohibits an employer from 'discriminat[ing] against any of his employees . . . because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under [the Act].'" *Spengler*, 615 F.3d at 491 (quoting 29 U.S.C. § 623(d)). To establish a claim for retaliation under the ADEA, a plaintiff must show that: "(1) he engaged in protected activity when he made his age discrimination complaint; (2) Defendant knew about his exercise of the protected activity; (3) Defendant thereafter took adverse employment action against him; and (4) there was a causal

connection between the protected activity and the adverse employment action." *Id.* at 491–92.

As to Brown's retaliation claim, TPG points out that Brown did not check the box for retaliation on her EEOC charge. (ECF No. 19, PageID.112). It also argues that the narrative of Brown's EEOC charge does not meet the "expected scope of investigation test" because it focused on her claim for age discrimination and did not allege that she was terminated in retaliation for any protected activity. (*Id.* at PageID.112–13). Therefore, TPG argues, Brown failed to exhaust her retaliation claim. The court agrees.

As an initial matter, it is not entirely clear whether Brown's retaliation claim is pursuant to the ADEA. Her Amended Complaint, as discussed, notes that Title VII prohibits retaliation for protected conduct and that "[e]ach said act of retaliation is in violation of Title VII of the Civil Rights Act of 1964." (ECF No. 17, PageID.89–90, ¶¶ 50, 56). If her retaliation claim is based solely on Title VII, then this claim would fail for the reasons already discussed: Title VII does not prohibit age discrimination. Nonetheless, the court must liberally construe a *pro se* complaint like Brown's and "hold such complaints 'to less stringent standards.'" *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 676 (6th Cir. 2018) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). And here, the Amended Complaint also mentions that Defendants retaliated against her "because

11

she engaged in activities protected by Title VII *and the ADEA*." (*Id.* at PageID.90, ¶ 57) (emphasis added). She also generally alleges, throughout her Amended Complaint, that she was fired based on her age and subjected to "unjust scrutiny, false allegations of misconduct and unwelcome and derisive comments solely because she reported Ms. Fernander's age discrimination." (*Id.* at PageID.90, ¶¶ 51, 55). Moreover, it appears that Defendants assume that Brown has raised a retaliation claim under the ADEA in arguing that she failed to exhaust her administrative remedies, which minimizes any prejudice to Defendants. In light of Brown's allegations and the court's duty to liberally construe her complaint, the court finds it appropriate to analyze Brown's retaliation claim as brought under the ADEA.

Brown's retaliation claim is based on conduct that came before she filed her EEOC charge—not after. She does not allege, as happens in many cases, that she was retaliated against for filing her EEOC charge. As a result, she must show that her EEOC charge included the conduct upon which her retaliation claim is based. *Tisdale*, 415 F.3d at 527 ("Retaliation claims based on conduct that occurred *before* a charge is filed must be included in that charge.") (quoting *Strouss v. Mich. Dep't of Corr.*, 250 F.3d 336, 342 (6th Cir. 2001)). TPG accurately points out that Brown did not check the retaliation box on her EEOC charge. And the court does not find that the narrative section of her EEOC charge alleges facts that would

12

satisfy the "expected scope of investigation" test and put the EEOC on notice of a retaliation claim. For example, in *Abeita v. TransAm. Mailings, Inc.*, the plaintiff claimed she was fired in retaliation for her complaints to a defendant concerning her salary and his sexual comments. 159 F.3d 246, 254 (6th Cir. 1998). Her EEOC charge provided:

> I was hired by Respondent in 1986. On June 3, 1993, I was discharged. During the course of my employment, I was harassed because of my gender and was offered different terms and conditions of employment than were similarly situated males. I was told that I was being discharged for continuity of management. I was not given a reason why I was treated differently from similarly situated males. I believe that I was treated differently than males, harassed, and discharged because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.* at 254 n.6. The *Abeita* court found that the plaintiff did not file a retaliation claim with the EEOC because she "neither checked the retaliation box nor described anything that indicates that she might have a retaliation claim." *Id.* The EEOC charge in *Abeita* is similar to the one here; and like the plaintiff in *Abeita*, Brown's EEOC charge does not allege any facts related to the basis of her retaliation claim. Brown alleges in her Amended Complaint that she was fired and subjected to "unjust scrutiny, false allegations of misconduct and unwelcome and derisive comments" because she complained to superiors about her age discrimination and opposed unlawful conduct. (ECF No. 17, PageID.90, ¶¶ 51–52,

13

55). But her EEOC charge does not include any facts regarding her complaints to her superiors or any other opposition to unlawful conduct that she provides in her Amended Complaint. The retaliation box is not checked and the full narrative section merely states:

> On August 3, 2018, I began working for the above named employer. I last held the position of Porter.
>
> During my employment I was treated differently than similarly situation coworker. (sic) Specifically, I was subjected to increased criticism, and denied and treated differently regarding paid time off. On August 28, 2019, I was disciplined and discharged.
>
> I believe that I have been subjected to different terms and conditions of employment, disciplined and discharged, due to my age 59, in violation of the Age Discrimination in Employment Act of 1967, as amended.

(ECF No. 19-2). Because none of the facts provided in the charge hint at action taken in retaliation for protected conduct, an investigation into the complained of conduct would not be expected to lead to an examination of possible retaliation. *See, e.g.*, *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362–63 (6th Cir. 2010) (dismissing a retaliation claim based on failure to exhaust where there was "nothing in the narrative portion of the EEOC charge that could be interpreted as claiming retaliation, nor is there any language that would have put the EEOC or the employer on notice that [the plaintiff] was alleging retaliation"); *Parker v. Charter Twp. of Redford*, No. 06-10951, 2007 WL 1675219, at *8 (E.D. Mich. June 11, 2007) (finding a

*pro se* plaintiff failed to exhaust her retaliation claim based on a letter sent to the defendant because the EEOC charge neither mentioned the letter nor alleged retaliation for having submitted the letter); *Gardner v. Wayne Cnty.*, 520 F. Supp. 2d 858, 868 (E.D. Mich. 2007) ("Plaintiff did not allege retaliation in her EEOC grievance, and her failure to exhaust her administrative remedies bars her Title VII claim of retaliation."); *Cf. Duggins*, 195 F.3d at 832 (finding that a plaintiff properly raised a retaliation claim before the EEOC where she filed an affidavit with the EEOC that "clearly raised allegations of retaliation for complaining of both her daughter's alleged rape and her own alleged sexual harassment by Mr. Svec."); *Cf. Spengler*, 615 F.3d at 490 (finding that a plaintiff properly raised a retaliation claim before the EEOC where, among other things, the EEOC charge alleged that a supervisor's demeanor was "noticeably changed" and that he would not "make eye contact or generally speak" to him after a meeting to discuss the supervisor's comments regarding the plaintiff's age). Therefore, Brown has failed to exhaust her administrative remedies.

    2.  <u>Hostile Work Environment (Count III)</u>

  To prove a hostile work environment claim under the ADEA, a plaintiff must show: (1) she is an employee who is 40 years old or older; (2) she was

subjected to harassment, either through words or actions, based on age; (3) the harassment had the effect of unreasonably interfering with her work performance and created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer. *Crawford v. Medina Gen. Hosp.*, 96 F.3d 830, 834–35 (6th Cir. 1996). TPG also argues that Brown failed to exhaust her hostile work environment claim because nothing in her EEOC charge would have prompted the EEOC to investigate a hostile work environment claim. It argues that Brown's EEOC charge only states that she was "criticized," which provides mere background and context for her age discrimination claim, and does not allege that she was harassed. (ECF No. 19, PageID.112).

For similar reasons to Brown's retaliation claim, the court also finds that Brown did not exhaust her hostile work environment claim. Brown's EEOC charge does not mention any claim for "hostile work environment." "Though the captions outlining her EEOC charge are not dispositive, they are some evidence of which claims [Brown] was seeking to pursue before the EEOC." *Scott v. Eastman Chemical Co.*, 275 F. App'x 466, 474 (6th Cir. 2008). Therefore, like her retaliation claim, she must show that a hostile work environment claim could be reasonably expected to grow out of her EEOC allegations. In her EEOC charge, Brown alleges that she was "treated differently than similarly situated coworker,"

16

"denied and treated differently regarding paid time off," "disciplined and discharged," and "subjected to different terms and conditions of employment." (ECF No. 19-2). But these are discrete acts that are insufficient to raise a hostile work environment claim in an EEOC charge. As the Sixth Circuit has noted, "the inclusion in an EEOC charge of a discrete act or acts, standing alone, is insufficient to establish a hostile-work-environment claim for purposes of exhaustion." *Younis*, 610 F.3d at 362; *See, e.g.*, *Waggoner v. Carlex Glass Am., LLC*, 682 F. App'x 412, 417 (6th Cir. 2017) (finding that plaintiff failed to exhaust a hostile work environment claim where the EEOC charge only alleged that he had "a disability, that he requested an accommodation, that he was asked about his medication, and that he was discharged"); *Jones v. City of Franklin*, 309 F. App'x 938, 943 (6th Cir. 2009) ("No decision in this circuit has held that EEOC charges regarding discrete acts of discrimination are alone sufficient to put the EEOC on notice of a hostile-work-environment claim. Several unpublished decisions of this court have in fact held to the contrary."). Brown's EEOC charge also alleges that she "was subjected to increased criticism." (ECF No. 19-2). But Brown, in her Amended Complaint, bases her hostile work environment claim on "Ms. Fernander's constant barrage of intimidation about the Plaintiff's age." (ECF No. 17, PageID.91, ¶ 63). As a result, it is unclear if the general criticism alleged in the EEOC charge even forms the basis for the hostile work environment claim that

Brown presents in this case.  Moreover, although the court must liberally construe a *pro se* plaintiff's EEOC charge, "[t]he charge must be sufficiently precise to identify the parties, and to describe generally the action or practices complained of."  *Younis*, 610 F.3d at 361 (quoting 29 C.F.R. § 1601.12(b)).  But the court finds that it is not reasonable to expect an EEOC investigation of hostile work environment to grow out of vague allegations of "criticism" without more.  Finally, "there is no evidence that the EEOC viewed [Brown's] charge, or investigated her charge, as alleging a hostile environment claim."  *Scott*, 275 F. App'x at 474.  Consequently, the court finds that Brown did not exhaust her hostile work environment claim.

In response, Brown does not argue that her EEOC charge alleged facts that would put the EEOC on notice of retaliation and hostile work environment.  Instead, she argues that she is not jurisdictionally barred from raising her claims based on the reasoning in *Adamov v. U.S. Bank Nat'l. Ass'n*, 726 F.3d 851 (6th Cir. 2013).  In *Adamov*, the district court had *sua sponte* dismissed the plaintiff's retaliation claim under Title VII on jurisdictional grounds, based on the court's belief that the plaintiff had not exhausted the claim before the EEOC.  *Id.*  The Sixth Circuit explained that the district court had erred because "administrative exhaustion is not a jurisdictional requirement."  *Id.* at 856.  Because administrative exhaustion is nonjurisdictional, the court held that the defendant had forfeited the

18

exhaustion argument by failing to raise it in the district court. *Id.* Although *Adamov* was a Title VII case, the Sixth Circuit has also held that exhaustion is not a jurisdictional requirement under the ADEA. *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 400–03 (6th Cir. 2008). Instead, exhaustion "is more like a mandatory claim-processing rule, subject to waiver or forfeiture if not properly raised." *Kilpatrick v. HCA Human Res., LLC*, 838 F. App'x 142, 146 (6th Cir. 2020) (citing *Hamer v. Neighborhood Housing Services of Chicago*, 138 S. Ct. 13, 17 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited.")).

But Brown misreads *Adamov*. Just because exhaustion is not jurisdictional does not mean that plaintiffs may escape its requirements when it is properly raised by the defense. The district court in *Adamov* erred because it *sua sponte* dismissed the plaintiff's claim as a matter of jurisdiction. And the defendant had not raised the issue. But here, exhaustion is "properly invoked" and "must be enforced." *Kilpatrick*, 838 F. App'x at 146. Because the court finds that Brown's EEOC charge fails to allege facts that would put the EEOC on notice of her retaliation and hostile work environment claims, she has not properly exhausted her administrative remedies. Therefore, the Motion to Partially Dismiss is **GRANTED** as to Counts II and III.

## V. CONCLUSION

For the reasons set forth in this opinion, the court **GRANTS** Defendants' Motion to Partially Dismiss. (ECF No. 19). Accordingly, all claims against the individual Defendants, Madgalene Fernander and Norris Martin, are dismissed as are the claims against TPG in Counts II and III of the Amended Complaint. The only remaining claim is Count I against TPG for age discrimination under the ADEA.

**IT IS SO ORDERED**.

Date: August 27, 2021                                s/Stephanie Dawkins Davis
                                                                    Stephanie Dawkins Davis
                                                                    United States District Judge