UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VIRENE BROWN, | Case No. 20-11466 |
| Plaintiff, | Nancy G. Edmunds |
| v. | United States District Judge |
| THE PROFESSIONAL GROUP, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

### ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ORDER ALLOWING LIMITED APPEARANCE (ECF No. 35)

Plaintiff Virene Brown filed this civil rights suit on May 21, 2020 without assistance of counsel. (ECF No. 1). Plaintiff moved for entry of an order permitting attorney Michael J. Sharpe to file a limited appearance on Plaintiff's behalf. (ECF No. 35). Defendant responded (ECF No. 36) and Plaintiff replied (ECF No. 37).

In Plaintiff's motion, she asks that the Court allow Mr. Sharpe to appear and provide limited representation on her behalf in "all matters including but not limited to depositions, hearings, discovery, and motion practice.'' (ECF No. 35, PageID.268). In response, Defendant notes that while they do not oppose the limited appearance, Plaintiff's motion violates local rules because Mr. Sharpe failed to "specifically identify" the components of the action in which he will appear. Defendant contends that unless Mr. Sharpe narrows the scope of his open-

ended limited appearance, Plaintiff's motion should be denied. (ECF No. 36, PageID.275).

Local Rule 83.25 governs an attorney's appearance and provides in pertinent part:

> (1) After obtaining leave of court, or for unrepresented parties obtaining assistance through the court-approved pro se law clinic, an attorney may appear on behalf of an unrepresented party in a civil action for limited purposes, including, but not limited to, depositions, hearings, discovery, and motion practice, if the following conditions are satisfied:
> (A) The attorney e-files a notice of limited appearance before appearing in the action in any capacity;
> ***(B) The notice of limited appearance specifically identifies the components of the action in which the attorney will appear;*** and
> (C) The limited representation is reasonable under the circumstances.
> (2) An attorney who has filed a notice of limited appearance must restrict activities in accordance with the notice or any amended notice of limited appearance

E.D. Mich. L.R. 83.25(c) (emphasis added). Mr. Sharpe did e-file his notice of limited appearance and his appearance on behalf of Plaintiff would be reasonable under the circumstances. That said, Mr. Sharpe's notice does not specifically identify the components of this litigation in which he will appear. While Mr. Sharpe notes he will appear in "depositions, hearings, discovery, and motion practice," he leaves the door open to appear in other matters by noting he would appear in "***all matters including but not limited to***" the listed components. (ECF No. 35, PageID.268) (emphasis added). Under the Local Rules, counsel who wish to provide limited representation must limit and specifically identify the

2

components of the action in which they will appear.  E.D. Mich. L.R. 83.25(c)(1)(B).  Mr. Sharpe's notice of limited appearance is improper because the notice is unlimited.

That said, Mr. Sharpe's limited appearance on behalf of the *pro se* Plaintiff is reasonable under the circumstances.  Mr. Sharpe did identify a few matters in which he would appear.  So he may appear in the matters specifically identified in the notice.  If he wishes to appear in other matters, he may file an amended notice of limited appearance.  For these reasons, Plaintiff's motion for order allowing limited appearance (ECF No. 35) is **GRANTED IN PART**.  Michael J. Sharpe may provide limited representation on behalf of Plaintiff Virene Brown in **depositions, hearings, discovery, and motion practice.**

**IT IS SO ORDERED**.

Review of this Order is governed by Federal Rule of Civil Procedure 72 and Local Rule 72.1.

Date: July 14, 2022                           s/Curtis Ivy, Jr.
                                              Curtis Ivy, Jr.
                                              United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 14, 2022.

                                        <u>s/Kristen MacKay</u>
                                        Case Manager
                                        (810) 341-7850