UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRENE BROWN,

        Plaintiff,

v.

THE PROFESSIONAL GROUP,

        Defendant.
_____/

Case No. 20-11466

Nancy G. Edmunds
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

### ORDER GRANTING IN PART PLAINTIFF'S MOTION TO MODIFY CASE MANAGEMENT AND SCHEDULING ORDER AND TO EXTEND PRE-TRIAL DEADLINES (ECF No. 40)

Plaintiff Virene Brown ("Plaintiff") filed this civil rights suit without assistance of counsel. (ECF No. 1). Now represented by an attorney, she moved to modify the case management order. (ECF No. 40). Defendant responded (ECF No. 41) and Plaintiff replied (ECF No. 42). This matter is referred to the undersigned for all pretrial matters. (ECF No. 33). This motion is fully briefed and ready for determination.

    **I.**    **BACKGROUND**

The undersigned issued a case management order setting deadlines for discovery and dispositive motions. (ECF No. 28). Later, the parties agreed to extend the dispositive motion deadline to August 25, 2022. (ECF No. 39). Plaintiff moved to extend discovery and dispositive motion deadlines. (ECF No.

40).

Plaintiff has not met the deadlines for Rule 26(a) disclosures, fact, and expert witness lists, and fact discovery deadlines. (*Id*. at PageID.293). In Plaintiff's motion, she admits that she could not comply with the deadlines set in the undersigned's case management order because she was ill-equipped to comply with deadlines as a dayworker. (*Id.*). Now that she has legal representation, Plaintiff contends she can comply with extended deadlines. (*Id.* at PageID.294). Thus, she asks for another ninety days to comply with outstanding discovery deadlines. (*Id*. at PageID.296).

Defendant argues Plaintiff failed to show good cause to modify the case management order because being *pro se* is not good cause. (ECF No. 41, PageID.310). Plaintiff also failed to show "excusable neglect" for failing to request an extension before the deadlines expired. (*Id.* at PageID.313). Finally, Defendant contends the case management order does not allow belated disclosures, or witness and exhibits lists. (*Id.* at PageID.315). Plaintiff reiterated her arguments in reply. Defendant later moved for summary judgment (ECF No. 44)[1], to which Plaintiff responded (ECF No. 50) and Defendant replied (ECF No. 52).

II.   ANALYSIS

---

[1] The undersigned does not find that this moots the motion to extend deadlines. Since this Order extends the dispositive motion deadline, Defendant may withdraw its motion for summary judgment and refile it after discovery closes.

**A. Legal Standards**

Liberal discovery rules allow litigants to see the full breadth of the evidence that exists in a case. This helps litigants avoid surprises, leads to the speedier settlement of cases, and helps prevent miscarriages of justice when evidence would otherwise be available to only one party. *Brown Badgett, Inc. v. Jennings*, 842 F.2d 899, 902 (6th Cir. 1988). Rules favoring broad discovery help "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). The Federal Rules of Civil Procedure strongly favor full discovery whenever that is possible. *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

A case management order can be modified if there is "good cause and with the judge's consent." Fed. R. Civ. P. 16 (b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks and citation omitted). The Court should also consider possible prejudice to the party opposing the modification. *Id.* "Even if an amendment would not prejudice the nonmoving party, the moving party must nonetheless demonstrate good cause for 'why he failed to move for the

amendment at a time that would not have required a modification of the scheduling order.'" *Barnes v. Malinak*, 2017 WL 3161686, at *2 (E.D. Tenn. July 25, 2017) (quoting *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010)).

### B. Discussion

There is good cause to modify the case management order and extend discovery deadlines. Upon review of the circumstances of this case, Plaintiff has proved good cause. *Inge*, 281 F.3d at 626.

First, Plaintiff detailed her struggles in complying with discovery deadlines as a dayworker with no legal training. (ECF No. 40, PageID.292-93). She responded to Defendant's interrogatories and document requests, but struggled with serving her own discovery requests, disclosures, and witness lists. (*Id*. at PageID.293-94). She moved for an order allowing Mr. Sharpe to enter a limited appearance on her behalf. (ECF No. 35). The undersigned granted her request in part. (ECF No. 38). Seventeen days later, Plaintiff's new counsel filed this motion to extend pretrial deadlines. (ECF No. 40). Plaintiff remedied her failure to conduct discovery on her own by retaining counsel. Further, "some leniency" may be appropriate when a *pro se* Plaintiff struggles with discovery. *Logan v. MGM Grand Detroit Casino*, 2017 WL 1074942, at *3 (E.D. Mich. Mar. 22, 2017) (granting *pro se* plaintiff's motion to reopen discovery, as plaintiff's *pro se* status was persuasive).

4

Second, as Plaintiff notes, without extending discovery deadlines, she will be prejudiced by being "denied any meaningful right to conduct discovery." (ECF No. 40, PageID.295). Courts favor broad and full discovery whenever possible. *See Procter & Gamble Co.*, 356 U.S. at 682. Full discovery for both parties is particularly important considering Defendant's motion for summary judgment. Ruling on a motion for summary judgment is appropriate "*only after* the nonmoving party has had 'adequate time for discovery.'" *E. Kentucky Cardiothoracic Surgery, P.S.C. v. Ashland Hosp. Corp.*, 119 F. App'x 715, 717 (6th Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)) (emphasis added).

### III. CONCLUSION

For these reasons, Plaintiff's motion to modify the case management order (ECF No. 40) is **GRANTED IN PART**. Discovery deadlines are extended **SIXTY DAYS** from the date of this order.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which

the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2. The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636.

Date: October 25, 2022                s/Curtis Ivy, Jr.
                                      Curtis Ivy, Jr.
                                      United States Magistrate Judge